UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 09-391 |
| KENNAIRE MATHIEU | SECTION "R" |

## ORDER AND REASONS

Before the Court is Defendant Kennaire Mathieu's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] For the following reasons, the Court denies the motion.

I. BACKGROUND

On June 8, 2011, Mathieu pleaded guilty to Count One of the Second Superseding Indictment, conspiracy to possess with intent to distribute 1 kilogram or more of heroin and 500 grams or more of cocaine hydrochloride, and Count Four, possession of a firearm in furtherance of a drug trafficking crime.[2] On October 5, 2011, Mathieu was sentenced to 120 months imprisonment as to Count 1 and 60 months imprisonment as to

---

1   R. Doc. 981.
2   R. Doc. 420; R. Doc. 421 at 1; R. Doc. 566 at 1.

Count 4, to run consecutively.[3] Mathieu appealed his sentence, and the Fifth Circuit dismissed the appeal as frivolous on July 11, 2012.[4]

On October 30, 2017, Mathieu filed this motion to vacate, set aside, or correct his sentence.[5]

## II. DISCUSSION

Mathieu asserts that he was denied effective assistance of counsel.[6] His motion must be denied because it is barred by the statute of limitations. Under 28 U.S.C. § 2255, a motion to vacate, set aside, or correct a sentence must be filed within one year of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It is undisputed that Mathieu's motion was filed more than one year after his judgment of conviction became final. Mathieu argues that his

---

[3] R. Doc. 566 at 2.
[4] R. Doc. 703.
[5] R. Doc. 981.
[6] R. Doc. 981-1 at 2.

2

motion is nevertheless timely because it came within one year of the Supreme Court's decision in *Lee v. United States*, 137 S. Ct. 1958 (2017), which he contends recognized a new right retroactively applicable to cases on collateral review.[7] But *Lee* did not announce a new rule. The Supreme Court instead refused to adopt the Government's proposed "*per se* rule that a defendant with no viable defense cannot show prejudice from the denial of his right to trial." *Lee*, 137 S. Ct. at 1966. The Court explained that the Government's position was contrary to existing precedent. *See id.* (explaining that "common sense (not to mention our precedent) recognizes that there is more to consider than simply the likelihood of success at trial").

Even if Mathieu could show that *Lee* created a new right retroactively applicable on collateral review, he is not entitled to relief because he has not "adequately demonstrated a reasonable probability that he would have rejected the plea" but for his attorney's erroneous advice. *Id.* at 1967. Mathieu attests that he pleaded guilty to the firearm charge because his attorney advised him that, if he went to trial, the prosecution would file a section 851 enhancement that could result in a twenty year mandatory minimum sentence on the conspiracy charge.[8] But there is no basis in the

---

[7] R. Doc. 981-1 at 4-6.
[8] R. Doc. 981-2 at 2.

record to believe that this advice was incorrect. Under the terms of Mathieu's plea agreement, the Government agreed not to file a bill of information under 21 U.S.C. § 851 charging Mathieu with a prior drug felony conviction, which would subject him to a mandatory minimum of twenty years imprisonment.[9]

The record conclusively shows that Mathieu is not entitled to relief. Thus, no evidentiary hearing is required under 28 U.S.C. § 2255(b). Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

---

[9] R. Doc. 421 at 1.

[are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, Mathieu has not made a substantial showing of the denial of a constitutional right.

### III. CONCLUSION

For the foregoing reasons, Mathieu's motion is DENIED. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __23rd__ day of March, 2018.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE